**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OCTAVIO CASTILLO-RIVERA,

Defendant - Appellant.

No. 08-2221

(D. New Mexico)

(D.C. No. 1:07-CR-01630-JCH-3)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Octavio Castillo-Rivera pleaded guilty in the United States District Court for the District of New Mexico to three counts of heroin distribution. *See* U.S.C. §§ 841(a)(1), (b)(1). In his plea agreement Mr. Castillo-Rivera waived the right to appeal any sentence within the statutory range for the offenses of conviction. The district court sentenced him to 70 months' imprisonment, which was within that range. Finding no meritorious issues for appeal, his counsel has submitted an

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Anders* brief and a motion for leave to withdraw. *See Anders v. California*, 386

U.S. 738 (1967). Because we agree with counsel that there are no meritorious

issues for appeal, we grant the motion to withdraw and dismiss the appeal.

Mr. Castillo-Rivera desires to raise a single issue on appeal: whether he

merited a two-level sentencing enhancement under USSG § 3B1.1(c) as an

"organizer, leader, manager, or supervisor" of the heroin-trafficking organization

in which he participated. Mr. Castillo-Rivera contends that he was at most a

courier and seeks our review of the district court's guidelines determination in

this respect. But this contention is precluded if Mr. Castillo-Rivera's waiver of

the right to appeal is valid.

Under *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), a

waiver of appellate rights is enforceable if the disputed issue falls within the

waiver's scope, the waiver was knowing and voluntary, and enforcement would

not result in a miscarriage of justice. "When determining whether a waiver of

appellate rights is knowing and voluntary, we especially look to two factors.

First, we examine whether the language of the plea agreement states that the

defendant entered the agreement knowingly and voluntarily. . . . Second, we look

for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.*

Mr. Castillo-Rivera's plea agreement explicitly states that he knowingly

waives his right to appeal any sentence within the statutory range for the offenses

of conviction. The agreement also states, just above his signature on its final

page, "I understand the agreement and voluntarily sign it." R. Vol. 1 at 34. At Mr. Castillo-Rivera's change-of-plea hearing, the district court found that Mr. Castillo-Rivera understood the nature of the charges against him and the consequences of his guilty plea, which the court found was knowing and voluntary. It referred specifically to his waiver of certain appellate rights (though without enumerating the waived rights) and confirmed that Mr. Castillo-Rivera had discussed the waiver with his attorney. We conclude that Mr. Castillo-Rivera's waiver of his right to appeal his sentence was knowing and voluntary and therefore precludes his challenge to the district court's application of the USSG § 3B1.1(c) enhancement.

We GRANT counsel's motion to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge